O

# United States District Court
# Central District of California

| | |
|---|---|
| MISTER BAILEY,<br><br>        Plaintiff,<br><br>    v.<br><br>HVSN ENTERPRISES INC, et al.,<br><br>        Defendants. | Case No. 2:20-cv-01744-ODW (AGRx)<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT [19]** |

## I.  INTRODUCTION

Plaintiff Mister Bailey moves for entry of default judgment against Defendant Richard Song.[1] (Mot. for Default J. ("Motion" or "Mot."), ECF No. 19.) For the reasons discussed below, the Court **DENIES** Bailey's Motion.[2]

## II.  BACKGROUND

Bailey is paraplegic and requires a wheelchair for mobility. (Compl. ¶ 4, ECF No. 1.) He alleges that Song owns, leases, or operates a Circle K ("Business") located at 9809 Imperial Highway, Downey, California. (*Id.* ¶ 5.) Bailey claims that, on

---

[1] On September 16, 2020, the Court dismissed Defendant HVSN Enterprises Inc. pursuant to Plaintiff's Notice of Voluntary Dismissal. (*See* Notice of Dismissal, ECF No. 22; Min. Order Granting Dismissal, ECF No. 24.)

[2] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

November 3, 2019, and December 21, 2019, he went to the Business and it did not provide wheelchair accessible parking. (*Id.* ¶ 10.) Bailey asserts that the lack of accessible parking denied him access to the Business and deters him from returning in the future. (*Id.* ¶ 11.)

Bailey filed this action on February 24, 2020, asserting claims under Title III of the Americans with Disabilities Act ("ADA") and California state law, relating to his visit to the Business. (*Id.* ¶¶ 15–47.) The Court declined to exercise supplemental jurisdiction over Bailey's Unruh Act and other state law claims. (*See* Min. Order Declining Suppl. Jurisdiction 8, ECF No. 11.) Those claims were dismissed without prejudice. (*Id.*)

On March 12, 2020, Bailey served Song with a Summons and the Complaint. (Proof of Service, ECF No. 13.) On June 19, 2020, Bailey requested entry of default after Song failed to answer or otherwise respond to the Complaint. (Req. for Entry of Default, ECF No. 16.) On June 22, 2020, the Clerk entered default. (Entry of Default, ECF No. 17.)

### III.   LEGAL STANDARD

Plaintiffs seeking default judgment must meet certain procedural requirements, as set forth in Federal Rule of Civil Procedure ("Rule") 55 and Central District of California Local Rule ("Local Rule") 55-1. *See* Fed. R. Civ. P. 55; C.D. Cal. L.R. 55-1. Local Rule 55-1 requires that motions for default judgment include: (1) when and against which party default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor, incompetent person, or active service member; (4) that the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, does not apply; and (5) that the defaulting party was properly served with notice, if required under Rule 55(b)(2). *See Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1006 (C.D. Cal. 2014).

Once the procedural requirements are satisfied, "[t]he district court's decision whether to enter a default judgment is a discretionary one." *See Aldabe v. Aldabe*,

616 F.2d 1089, 1092 (9th Cir. 1980). Generally, a defendant's liability is conclusively established upon entry of default by the Clerk, and well-pleaded factual allegations in the complaint are accepted as true, except those pertaining to the amount of damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). Still, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). Rather, the court considers several factors in exercising its discretion, including: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy favoring decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th. Cir. 1986).

## IV.   DISCUSSION

The second and third *Eitel* factors are dispositive here, so the Court begins with them. These two factors, which address the merits of the claims and the sufficiency of the complaint, "require that a plaintiff state a claim on which the [plaintiff] may recover." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) (alteration in original) (citing *PepsiCo*, 238 F. Supp. 2d at 1175); *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) ("[F]acts which are not established by the pleadings . . . are not binding and cannot support the judgment."). Although well-pleaded allegations in the complaint are deemed admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning*, 572 F.2d at 1388).

In this case, Bailey seeks relief under the ADA. (*See* Compl. ¶¶ 15–27.) To prevail on this claim, he must show that: (1) "he is disabled within the meaning of the ADA"; (2) "the defendant is a private entity that owns, leases, or operates a place of public accommodation"; (3) "the plaintiff was denied public accommodations by the defendant because of his disability"; (4) "the existing facility at the defendant's place of business [or property] presents an architectural barrier prohibited under the ADA"; and (5) removing the barrier is "readily achievable." *Vogel*, 992 F. Supp. 2d at 1007–08 (brackets omitted) (first quoting *Molski v. M.J. Cable Inc.*, 481 F.3d 724, 730 (9th Cir. 2007); and then quoting *Parr v. L&L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000)).

Bailey asserts that when he visited the Business, it failed to provide wheelchair accessible parking. (Compl. ¶ 10.) "Architectural barriers" are defined by reference to the ADA Accessibility Guidelines (the "ADAAG"). *See Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 945 (9th Cir. 2011). Relevantly, the public accommodation at issue must provide public parking for a plaintiff to establish that the lack of accessible parking creates an architectural barrier under the ADA. *See* 2010 ADAAG § 208.1 ("Where parking spaces are *provided*, parking spaces shall be provided in accordance with [section] 208." (emphasis added)); *see also id.* § 208 (setting forth accessibility requirements for parking spaces). Here, Bailey states in conclusory fashion that the Business failed to comply with the ADA without first establishing that the Business actually provides public parking. (*See, e.g.*, Compl. ¶¶ 10–14.) Thus, Bailey's factual allegations do not establish the fourth element of his ADA claim (i.e., the existence of architectural barriers at the defendant's property), and the Court need go no further.

In sum, even accepting the well-pleaded factual allegations in the Complaint as true, Bailey fails to state a claim under the ADA. *See Cripps*, 980 F.2d at 1267 ("[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." (citing *Danning*, 572 F.2d at 1388)). The

second and third *Eitel* factors alone demonstrate that default judgment is improper, and the Court need not assess the remaining factors. *See Brooke v. Sunstone Von Karman, LLC*, No. 8:19-cv-00635-JLS (ADSx), 2020 WL 6153107, at *3 (C.D. Cal. Aug. 25, 2020). However, leave to amend is appropriate because Bailey's failure to state a claim is based on insufficient allegations which could theoretically be cured.

## V.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Bailey's Motion for Default Judgment. (ECF No. 19.)  The Court accordingly **DENIES** Bailey's request for attorneys' fees.  The default previously entered against Song is hereby **SET ASIDE**. (ECF No. 17.)  If Bailey chooses to amend his Complaint to address the deficiencies identified herein, any amended complaint must be filed and served within **twenty-one (21) days** of this Order.  If Bailey timely files an amended complaint, Song's response is due according to Rule 15(a)(3).  Failure to timely amend will result in dismissal of this action.

**IT IS SO ORDERED.**

March 2, 2021

_____
                    **OTIS D. WRIGHT, II**
           **UNITED STATES DISTRICT JUDGE**